**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLOS ANDRADE,**

      **Plaintiff,**

v.                                                 **Case No: 6:13-cv-1507-Orl-28KRS**

**BLUEWARE, INC., ROSE HARR,**
**WILLIAM MATTHEW DUPREE and**
**MITCHELL NEEDELMAN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following: (1) Defendant Needelman's Motion to Dismiss and to Stay (Doc. No. 30), and (2) the Court's Order to Show Cause why it should not decline to exercise supplemental jurisdiction over the state law causes of action alleged in the complaint (Doc. No. 41). These matters have been referred to the undersigned for issuance of a Report and Recommendation.

**I.**    **PROCEDURAL HISTORY.**

Plaintiff Carlos Andrade filed a complaint against Defendant Blueware, Inc. ("Blueware"), Rose Harr, William Matthew Dupree, and Mitchell Needelman. Andrade alleges that Harr and Dupree are owners, managers of Blueware and/or day-to-day operators of Blueware. Andrade alleges that Blueware hired him on or about December 14, 2012. Doc. No. 1 at 3.

The facts underlying the complaint are, in sum, as follows:

Andrade alleges that he met with the Defendants and others in January 2012 to discuss the scanning and digitization of the Brevard County Clerk of Court records. Needelman, who was

then the Brevard County Clerk of Court, agreed that his office would enter into a contract with Blueware to perform this work with the understanding that some of the money paid pursuant to the contract would be diverted by Blueware to Dupree to support Needelman's 2012 re-election campaign. In June 2012, Blueware was awarded the contract through the assistance of Needelman. In August 2012, Blueware delivered at least $100,000 to Dupree, which was used to support Needelman's re-election campaign. The Florida Department of Law Enforcement ("FDLE") conducted an investigation into these events. On August 15, 2013, Needelman, Dupree and Harr were arrested and charged with criminal offenses, including bribery and bid tampering. As a result of the money being diverted for Needelman's personal gain, Blueware was unable to pay its employees their earned wages. Doc. No. 1; *see also* Doc. No. 30 at 4 n.2.

In Count I of the complaint, Andrade alleges that Blueware and Harr failed to pay him minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206. In Count II, Andrade alleges that Blueware committed civil theft in violation of Fla. Stat. § 772.11 by denying him his last three paychecks. In Count III, Andrade alleges that Needelman tortiously interfered with the business relationship of Blueware, Harr, Dupree and himself, which caused the business relationship to end. In Count IV, Andrade alleges that Blueware, Harr and Dupree committed fraud in the inducement by making false statements regarding their plan to pay Andrade the unpaid wages. Doc. No. 1.

Needelman filed a motion to dismiss Count III, the only claim against him, or, alternatively, to stay the case against him pending the outcome of the criminal proceedings against him. Doc. No. 30. Andrade responded to the motion. Doc. No. 36.

On February 10, 2014, I issued an Order to Show Cause why the Court should not decline to exercise supplemental jurisdiction over Counts II, III and IV of the complaint. Doc. No. 41.

Andrade responded to the order. Doc. No. 43. He attached to the response the Order Granting, In Part, Defendant Mitchell A. Needelman's Amended Motion for Disqualification of Judges of the Eighteenth Judicial Circuit, entered in the criminal case pending against him. Doc. No. 43-1. In this order, the state court granted the motion to disqualify the Brevard County Judges but denied the motion to disqualify the Seminole County Judges. *Id.*

## II. ANALYSIS.

### A. *Supplemental Jurisdiction.*

This Court has original jurisdiction over Andrade's claim of violation of the FLSA pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), the Court has the power to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution." This supplemental jurisdiction extends to claims that involve the joinder of additional parties. *Id.*

Section 1367(c) provides that this Court may decline to exercise supplemental jurisdiction over a claim falling within subsection (a) in one of the following circumstances:

>   (1) the claim raises a novel or complex issue of State law;
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction; or,
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

For the reasons discussed below, I recommend that the Court find that it does not have the power to exercise supplemental jurisdiction over the state law causes of action alleged in the complaint because they are not so related to the FLSA claim that they form part of the same case

of controversy under Article III of the United States Constitution. Alternatively, I recommend that the Court decline to exercise supplemental jurisdiction over all of the state law causes of action because they will substantially predominate over the FLSA claim.

        1.     <u>Same Case or Controversy</u>.

In determining whether the state law claims fall within § 1367(a), the United States Court of Appeals for the Eleventh Circuit uses a "common nucleus of operative fact" test. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-25 (1966)). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

To establish the FLSA minimum wage violation, Andrade would have to prove that he was an employee of Blueware, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or the production of goods for commerce, and that Blueware failed to pay him the minimum wage required by law. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at * 3 (M.D. Fla. June 9, 2009). To establish liability of Harr and Dupree for violations of the FLSA, Andrade would additionally have to prove that they were involved in the day-to-day operation of Blueware or that they had some direct responsibility for supervision of Andrade. *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In this case, the alleged agreement between Defendants to kickback money paid to Blueware under the scanning and digitization contract for use in Needelman's re-election campaign has nothing to do with the elements of the FLSA claim.

Nevertheless, Andrade argues in his response to the Order to Show Cause that the state law claim against Needelman for tortious interference with a business relationship is relevant to establish why Blueware was unable to pay him. Andrade has not cited any case in which the reason an employer failed to pay a minimum wage in violation of the FLSA was found to be relevant to the question of FLSA liability, and I am not aware of any such case. Therefore, the tortious interference claim against Needelman in Count III of the complaint and the FLSA claim do not arise out of a common nucleus of operative facts, and the Court cannot exercise supplemental jurisdiction over this cause of action under § 1367(a).

Andrade also contends that the fraud in the inducement claim against Dupree and Harr and the FLSA claim arise from a common nucleus of operative facts because he continued to work for Blueware without being paid in reliance on the false representations Harr and Dupree made to him. Why Andrade worked without being paid a minimum wage is not relevant to resolution of the FLSA claim. *See Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). Therefore, the fraud in the inducement claim in Count IV of the complaint and the FLSA claim do not arise out of a common nucleus of operative facts, and the Court cannot exercise supplemental jurisdiction over this cause of action under § 1367(a).

Andrade submits that withholding his last three paychecks constitutes civil theft by Blueware, Dupree and Harr. To prove this claim, Andrade must establish that the Defendants (1) knowingly (2) obtained or used, or endeavored to obtain or use, his property with (3) felonious intent (4) either temporarily or permanently to (a) deprive him of his right to or benefit from the property or (b) appropriate the property to the Defendants' own use or to the use of another not entitled to the property. *In re Tadlock*, No. 3:09-bk-712-PMG, 2010 WL 8320065, at * 3 (Bankr. M.D. Fla. Sept. 1, 2010). The facts necessary to resolve the FLSA claim would not establish that

paychecks prepared by Blueware were Andrade's "property" before they were tendered to him or that any Defendant acted with general and specific intent to deprive him of "his property." Therefore, the civil theft claim in Count II of the complaint and the FLSA claim do not arise out of a common nucleus of operative facts, and the Court cannot exercise supplemental jurisdiction over this cause of action under § 1367(a).

2. <u>Declining to Exercise Jurisdiction</u>.

If the Court concludes that it may exercise supplemental jurisdiction under § 1367(a) as to one or more of the state law causes of action, I recommend that the Court decline to exercise such jurisdiction because each state law claim would substantially predominate over the FLSA claim. "Substantial predominance exists 'when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-cv-1786-T-27MAP, 2008 WL 2944921, at *1 (M.D. Fla. July 29, 2008) (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006)). Furthermore, when the state law claims involve elements of proof distinctly different from the federal claim, including proof of facts not necessary to resolve the federal claim, courts have found that the state law claims substantially predominate over the federal claims. *See, e.g.*, *German v. Eslinger*, No. 6:08-cv-845-Orl-22GJK, 2008 WL 2915071, at * 2 (M.D. Fla. July 25, 2008) (and cases cited therein).

As discussed above, the present case arises primarily from the alleged agreement between the Defendants to commit bribery and bid tampering, which agreement adversely impacted Andrade. The actions taken pursuant to that agreement are not relevant to the FLSA cause of action. Further, each state law cause of action requires different elements of proof than the FLSA claim and provides for different measures of damages. When, as here, the state law claims substantially predominate "in terms of proof, of the scope of the issues raised, or of the

comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27.[1]

## III. RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court **DISMISS** the state law causes of action in Counts II, III and IV of the complaint for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a).

Alternatively, if the Court finds that it has the power to exercise supplemental jurisdiction over any state law claim(s), I respectfully recommend that the Court **DECLINE** to exercise supplemental jurisdiction over that state law claim(s) under 28 U.S.C. § 1367(c)(2) and **DISMISS** the state law claim(s) without prejudice to filing them in state court.

I further respectfully recommend that if the Court adopts this Recommendation in either respect that it **DIRECT** the Clerk of Court to terminate the motion to dismiss or, alternatively, to stay the litigation (Doc. No. 30).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26th, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Section 1367(d) provides that the period of limitations for any claims asserted under subsection (a) is tolled while the claim is pending and for a period of 30 days thereafter unless State law provides for a longer tolling period. As noted in text of the report, the Judges of the Eighteenth Judicial Circuit who are resident in Seminole County have not been disqualified and may, therefore, preside over the state law claims alleged in the complaint.