# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLOS ANDRADE,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　Case No:   6:13-cv-1507-Orl-41KRS

**BLUEWARE, INC., ROSE HARR and**
**WILLIAM MATTHEW DUPREE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 75)**
>
> **FILED:**　　February 10, 2015

    In Count I of the Complaint, Plaintiff, Carlos Andrade, alleged that Defendants Blueware, Inc. ("Blueware") and Rose Harr ("Harr") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay him the required minimum wage.[1]  Doc. No. 1 ¶¶ 35–42. These parties have resolved the FLSA dispute.  In light of the Court's concerns regarding the general release contained in the previously submitted settlement agreement (Doc. No. 69-1), the parties agreed to void that agreement and have submitted a new agreement for approval (Doc.

---

[1] Andrade also asserted other state law causes of action against Blueware, Inc., Rose Harr, and other Defendants.  Doc. No. 1 ¶¶ 43–57.  The Court declined to exercise supplemental jurisdiction over these state law claims and dismissed the remaining counts of the Complaint.  Doc. No. 50.

No. 75-1). They ask that the Court find that their settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties also ask that the Court dismiss the case with prejudice if the Court determines the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.. Doc. No. 75, at 1.[2]

In his answers to the Court's interrogatories, Andrade averred that he was owed $4,874.32 in unpaid wages and an equal amount of liquidated damages. Doc. No. 34, at 4. The parties represent that Blueware paid Andrade all unpaid wages he claimed to be owed. Doc. No. 75, at 3 ¶ 2. The parties resolved the dispute regarding liquidated damages and attorney's fees in the settlement agreement, which provides that, in consideration for the release set forth in the settlement agreement, Blueware agreed to pay $5,000.00 to Andrade and his counsel. Doc. No. 75-1, at 3 ¶ 3. The parties represent that Blueware agreed to pay $2,500.00 of this amount to Andrade as liquidated damages and $2,500.00 to counsel for Andrade as attorneys' fees and costs, Doc. No. 75, at 2 ¶ 4, and that those amounts have been received, Doc. No. 75-1, at 3 ¶ 3.[3] The settlement agreement

---

[2] The parties do not state that they are stipulating to dismissal as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012). Rather, I construe the request to be made under Federal Rule of Civil Procedure 41(a)(2), which requires a Court order to dismiss the case.

[3] Although the motion and settlement agreement describe the money as having already been received, such language does not raise consideration concerns here. The settlement agreement states that Andrade bargained for the $5,000.00 from Blueware, with the understanding that Andrade would in turn release the FLSA claim raised in this case. Doc. No. 75-1, at 2 ¶ 3. This language therefore shows that, far from being past consideration, Andrade's release was a result of bargained-for—and given—consideration. *See Yale Sec., Inc. v. Freedman Sales*, No. 97-1424, 1998 U.S. App. LEXIS 24432, at *7 (7th Cir. Sept. 25, 1998). The contract was merely the memorialization of that agreement. *See id.* at 8; *see also Guaschino v. Eucalyptus, Inc.*, 658 P.2d 888, 896 (Haw. Ct. App. 1983) ("The fact that [parties] had already performed their part of the bargain at the time the oral agreement was memorialized does not convert a valid consideration into an 'insufficient' past consideration." (citing 1 A. Corbin, *Corbin on Contracts* § 30, at 110 (1963))).

also releases Blueware and Harr from the FLSA claim that was asserted in this action. Doc. No. 75-1, at 3 ¶ 4.

Because Andrade has compromised his claim for FLSA liquidated damages, the Court must evaluate whether the settlement is fair and reasonable. Counsel state that Andrade is satisfied with the settlement, which was reached with advice of counsel and following review of the relevant time records. Doc. No. 75, at 4 ¶ 14. The parties wish to resolve the case to avoid the uncertainty, time, and expense associated with further litigation. *Id.* This adequately explains the reason for the compromise. There are no provisions in the settlement agreement that raise concern about the fairness of the compromise. The release is appropriately limited to cover only the FLSA claim that Andrade asserted in this action. Doc. No. 75-1, at 2 ¶ 4.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority). In the present case, counsel represent that the settlement of the attorneys' fees and costs issue was addressed independently of the settlement of Andrade's FLSA claim and without regard to the amount Andrade agreed to accept. Doc. No. 75, at 4 ¶ 15. Based on this representation, this Court has no reason to believe that the amount Andrade agreed to accept was adversely affected by the amount of fees paid to his attorney. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

For these reasons, I recommend that the Court find that the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

Therefore, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1) **GRANT in part** the Joint Motion for Approval of Settlement (Doc. No. 75);

2) **FIND** that the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3) **PROHIBIT** counsel from withholding any portion of the $2,500.00 payable to Andrade under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4) **ORDER** counsel for Plaintiff to provide a copy of the Court's Order on this Report and Recommendation to Andrade; and,

5) **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 22, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy